Argued and submitted October 7; in Case No. 19CR13949, conviction for first-degree possession of a forged instrument reversed and remanded; in Case No. 19CR30861, affirmed November 17, 2021

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

WAYNE LEE KILGORE,
*Defendant-Appellant.*

Lane County Circuit Court
19CR13949, 19CR30861;
A171750 (Control), A171751

499 P3d 899

Bradley A. Cascagnette, Judge.

Erik Blumenthal, Deputy Public Defender, argued the cause for appellant. Also on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

E. Nani Apo, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Lagesen, Presiding Judge, and James, Judge, and Kamins, Judge.

PER CURIAM

In Case No. 19CR13949, conviction for first-degree possession of a forged instrument reversed and remanded. In Case No. 19CR30861, affirmed.

**PER CURIAM**

In this consolidated criminal appeal, defendant appeals a judgment of conviction for first-degree possession of a forged instrument, Case No. 19CR13949, and a judgment of conviction for failure to appear, Case No. 19CR30861. None of defendant's assignments of error challenge the judgment in Case No. 19CR30861, so we affirm that judgment. For the reasons that follow, we reverse the judgment in Case No. 19CR13949.

Starting with defendant's contention that the trial court erred by denying his motion for judgment of acquittal, we conclude that the trial court did not err.

Turning to defendant's contention that the trial court erred in denying defendant's motion to suppress, our review is for legal error, accepting the trial court's factual findings to the extent that the evidence supports them. *State v. Acuna*, 264 Or App 158, 163, 331 P3d 1040, *rev den*, 356 Or 400 (2014). Applying that standard, we agree that the motion to suppress should have been granted on the ground that defendant was unlawfully seized. Specifically, we agree, for reasons similar to those stated in the factually comparable case of *State v. Kingsmith*, 256 Or App 762, 302 P3d 471 (2013), that officers lacked reasonable suspicion to seize defendant based on suspected involvement in criminal drug activity. In so concluding, we reject the state's argument that this case, as a factual matter, is more like *Acuna*, 264 Or App at 167-69, a case in which we concluded that reasonable suspicion was present, than it is like *Kingsmith*, a case in which we concluded that reasonable suspicion was not present.

In Case No. 19CR13949, conviction for first-degree possession of a forged instrument reversed and remanded. In Case No. 19CR30861, affirmed.